**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**JOHNSTOWN DIVISION**

| | | |
|---|---|---|
| JESSE RUSSELL SIMPSON, | ) | |
| | ) | Civil Action No. 3: 19-cv-00078 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| P. HORNING, Food Service Administrator; | ) | |
| R. FORLINA, Correctional Counselor; | ) | |
| S. MILES, Unit Manager; LORETTO FCI | ) | |
| MEDICAL STAFF MEMBERS; | ) | |
| LORETTO FCI PSYCHOLOGY STAFF | ) | |
| MEMBERS; NORMAN WEIDLICH, | ) | |
| Health Services Administrator, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION[1]

Before the Court is the Defendants' Motion for Judgment on the Pleadings (ECF No. 126), to which Plaintiff has filed a response in opposition (ECF No. 142). The Court has fully reviewed and considered all arguments made in support of and in opposition to the motion. For the reasons that follow, the motion will be granted and judgment entered in favor of Defendants.

### I. Factual and Procedural History

Because the Defendants' motion implicates the narrow question of whether Plaintiff may recover damages on his claim under Section 504 of the Rehabilitation Act, the Court need not offer an extensive factual background. In short, Plaintiff, Jesse Russell Simpson ("Simpson") commenced

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(b)(1), the identified and served parties have voluntarily consented to jurisdiction by a United States Magistrate Judge, including entry of final judgment. (ECF Nos. 48, 62, 68).

this lawsuit while a federal prisoner confined in the Federal Correctional Institution Loretto.[2] Simpson's complaint challenges the manner in which meals were provided to him at the Loretto facility. Named as defendants in the Second Amended Complaint, Simpson's operative pleading, are defendants Horning, Forlina, Moser, Miles, and Rabinowitz, as well as other unnamed members of the medical and psychological staff at Loretto. Simpson alleges that the actions of the various prison officials violated (1) the Americans with Disabilities Act ("ADA"), (2) Section 504 of the Rehabilitation Act, and (3) his Eighth Amendment rights (a *Bivens* claim). As relief, Simpson seeks declaratory and injunctive relief, along with monetary damages.

In lieu of filing an Answer, Defendants filed a motion to dismiss or, in the alternative, for summary judgment. The Court granted the motion in part and denied it in part. Specifically, the Court dismissed the ADA claim, but denied the motion as to Simpson's Eighth Amendment *Bivens* claim and his Rehabilitation Act claim. (ECF No. 80). Defendants thereafter filed a timely notice of appeal. After receiving briefing and hearing oral arguments, the Court of Appeals for the Third Circuit found that Simpson's *Bivens* claim expanded the *Bivens* remedy to a new context and that special factors counsel against such expansion. *Simpson v. Horning*, No. 20-3358, slip op. at pp. 6-7 (3d Cir. Dec. 9, 2021) (ECF No. 35). The case was remanded with instructions for this Court to dismiss Simpson's Eighth Amendment damages claim.

Following the mandate from the Court of Appeals, the case was reopened, the Eighth Amendment damages claim was dismissed, and the Court ordered the parties to file status reports as to their positions as to what claims remained before the Court. (ECF No. 99). Defendants' position was that no claim survived the Court of Appeals' decision. (ECF No. 100). Simpson's position was

---

[2]     On May 6, 2020, Simpson notified the Court that he had been released to home confinement

2

that his Rehabilitation Act claim remained before the Court and "must proceed against all Defendants in both their individual and official capacities." (ECF No. 101). With these divergent views, the Court proceeded to order Defendants to file an Answer and entered a Case Management Order. (ECF Nos. 102, 103, and 104). Prior to the close of discovery, Defendants filed the instant Motion for Judgment on the Pleadings. (ECF No. 126). Discovery was stayed pending a ruling on the motion for judgment on the pleadings. (ECF No. 137). Simpson filed a response to the motion for judgment on the pleadings. (ECF No. 142). The matter is ripe for consideration.

## II. Standard of Review

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings will be granted, pursuant to Fed. R. Civ. P. 12(c), if, on the basis of the pleadings, the movant is entitled to judgment as a matter of law." *DiCarlo v. St. Mary Hosp.*, 53 F.3d 255, 262 (3d Cir. 2008). A motion of this kind "is analyzed under the same standards that apply to a Rule 12(b)(6) motion[,]" with a court "view[ing] the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party[.]" *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019) (internal quotation marks and citations omitted). The only notable difference is that a court, for a motion on the pleadings, may review not only the complaint but also the answer and written instruments attached to the pleadings. *Brautigam v. Fraley*, 684 F. Supp. 2d 589, 591-92 (M.D. Pa. 2010). A court "may not grant the motion unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Wolfington*, 935 F.3d at 15.

---

in Clarksville, Maryland. (ECF No. 72).          3

### III. Discussion

Defendants argue that there is no cognizable relief available for Simpson's Rehabilitation Act claim and, in the alternative, that Simpson has failed to state a claim for relief.  Simpson responds that the motion should be denied as cognizable relief is available and, alternatively, he has stated a claim under the Rehabilitation Act.

Section 504 of the Rehabilitation Act provides:

> No otherwise qualified individual with a disability in the United States . . . shall solely by reason of her or his disability, be excluded from the participation in, be denied, the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency . . .

29 U.S.C. § 794(a).  Section 504 prohibits discrimination under two circumstances:  by a nonfederal entity that receives financial assistance from a federal agency or by a federal agency that conducts its own program – for example, the Federal Bureau of Prisons.[3]  *Hawk v. Fed. Bureau of Prisons,* No. 1:18-cv-1768, 2019 WL 443975, at *7-9 (M.D.Pa. Aug. 30, 2019), *report and recommendation adopted*, No. 3:18-cv-1768, 2019 WL 443883 (M.D.Pa. Sept. 16, 2019).  According to the court in *Hawk*, the Bureau of Prisons conducts its own program, rather than providing or receiving financial assistance.  *Id*.

Even assuming that Simpson has stated an actionable claim under the Rehabilitation Act, the Court finds for the following reasons that, under the present circumstances, Simpson is not able to overcome the hurdle that he has presented a claim in which no relief can be granted.[4]

---

[3]     The Bureau of Prisons is an agency of the Department of Justice, which is within the executive branch of the government. *See* Pub. L. No. 71-218, 46 Stat. 325 (1930); *Chamberlain v. Chandler*, 344 F. App'x 911, 913 (5th Cir. 2009).

[4]     In view of this holding, the Court need not address Defendants' alternative argument that

First, with respect to Simpson's claims under § 504 of the Rehabilitation Act against the defendants in their individual capacities, the United States Courts of Appeals for the Third Circuit has determined that individuals cannot be held personally liable under the Rehabilitation Act. *Emerson v. Theil College*, 296 F.3d 184, 190 (3d Cir. 2002). "Because the individual defendants do not receive federal aid, [Simpson] does not state a claim against them under the Rehabilitation Act." *Id*. Therefore, judgment for the defendants in their individual capacities will be granted.

Next, while the Rehabilitation Act allows a plaintiff to bring a claim for equitable and declaratory relief against an agency and individuals in their official capacities, Simpson's claims for injunctive and declaratory relief have been rendered moot by virtue of Simpson's release from BOP custody. "The 'capable of repetition' doctrine is a narrow exception to the mootness principle and is limited to cases presenting two elements: '(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable likelihood that the same complaining party would be subjected to the same action again'." *Abdul-Akbar v. Watson*, 3 F.3d 195, 206-07 (3d Cir. 1993) (emphasis added) (quoting *Weinstein v. Bradford*, 424 U.S. 147 (1975)).

Simpson cannot meet the second requirement. He has been released from BOP custody since May 20, 2020. There is not a reasonable likelihood that he will be subjected to the same action again because "[s]peculation that [he] could return to prison does not overcome the mootness doctrine." *Abdul-Akbar*, 4 F.3d at 207. Because Simpson cannot satisfy the requirements of the capable of repetition doctrine, his request for declaratory and injunctive relief is moot.

Moreover, with regard to Simpson's claims for monetary damages under § 504 of the Rehabilitation Act, claims for monetary damages for alleged discrimination under any program or

Simpson has failed to state a claim for relief.     5

activity against the Bureau of Prisons or its director are shielded by sovereign immunity. *See Lane v. Pena*, 518 U.S. 187, 192–93 (1996). Accordingly, Simpson has presented a claim in which no relief can be granted and judgment will be entered in favor of Defendants.

## IV.  Conclusion

For these reasons, Defendants' motion for judgment on the pleadings will be granted and judgment entered in favor of Defendants.

An appropriate Order follows.

Dated:  January 17, 2023                         s/Cynthia Reed Eddy
                                                 Cynthia Reed Eddy
                                                 United States Magistrate Judge

cc: Jesse Russell Simpson
    (via ECF electronic notification)

    Kezia Taylor
    U.S. Attorney's Office
    (via ECF electronic notification)